[ECF No. 33]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| **NICO A. TERRUSO-CRESPO,** as the Administrator *Ad Prosequendum* and Administrator of the ESTATE OF **MARIO P. TERRUSO, JR.,** deceased,<br><br>Plaintiffs,<br><br>v.<br><br>**ATLANTIC COUNTY JUSTICE FACILITY et al.,**<br><br>Defendants. | Civil No. 21-15288 (CPO/SAK) |

## OPINION AND ORDER

This matter is before the Court by way of the Motion to Stay the Proceeding ("Motion") [ECF No. 33] filed by Defendants County of Atlantic, Atlantic County Justice Facility ("ACJF") Karolyne Ancheta, Mark Jenigen, Sgt. Eric Tornblom, Justin Marco, and Sgt. Michael Morrissey (collectively "County Defendants"). The Court received Plaintiff Nico A. Terruso-Crespo's opposition [ECF No. 38] and the County Defendants' reply [ECF No. 40]. The Court also received the letter brief in support of the County Defendants' application [ECF No. 39] submitted by Defendants CFG Health Systems, LLC ("CFG"), Dawn Gilbert, RN, Deling Sandoval, RN, and Carol Calcerano, NP (collectively "CFG Defendants"). The Court exercises its discretion to decide the motion without oral argument. *See* FED. R. CIV. P. 78; L. CIV. R. 78.1. For the reasons set forth herein, Defendants' Motion to Stay is **GRANTED**.

**BACKGROUND**

This action stems from the death of Mario P. Terruso, Jr. ("Terruso") while he was a pretrial detainee at the Atlantic County Justice Facility ("ACJF"). *See* Am. Compl. [ECF No. 23]. Nico A. Terruso-Crespo, Terruso's son, brings this action in his capacity as Administrator *Ad Prosequendum* and Administrator of Terruso's Estate. *Id*. ¶¶ 5-7. The County Defendants are Atlantic County, ACJF and their correctional officers who were allegedly involved in the beating and death of Terruso. *Id*. ¶¶ 8-9, 20, 52-55. The CFG Defendants are professionally registered entities and/or licensed individuals who provide medical and mental health care services to inmates at the ACJF. *Id*. ¶¶ 26-31. Defendants Hamilton Township, Township of Hamilton Police Department, and Hamilton Township police personnel—Sgt. Nicole Nelson, Cory Silvo, William Howze, and Servando Pahang—(collectively "Hamilton Township Defendants") are alleged to have arrested Terruso without properly verifying the warrant for Terruso's arrest. *Id*. ¶¶ 40-42. They also allegedly transported Terruso to the ACJF, without providing him with necessary medical care. *Id*.

In his amended complaint [ECF No. 23], Plaintiff alleges various civil rights violations, including excessive force, deliberate indifference to medical needs, supervisory liability, and conspiracy against the municipal defendants. As to the CFG Defendants, Plaintiff's claims include, *inter alia*, professional and medical negligence. Plaintiff also brings common law and statutory claims against the various defendants. Plaintiff alleges that on September 15, 2019, the Hamilton Township Defendants arrested Terruso for a contempt warrant stemming from outstanding child support and transported him to the ACJF. *Id*. ¶¶ 40, 41. Plaintiff further alleges that while Terruso was at the ACJF, County Defendants and CFG Defendants surrounded Terruso's cell, with apparent concerns about Terruso's medical condition. *Id*. ¶ 47. Plaintiff

alleges that Terruso was subsequently removed from his cell, while he was in apparent medical distress. *Id*. ¶ 48.  Plaintiff alleges that although Terruso exhibited no signs of resistance, County Defendants violently threw him to the floor and beat him. *Id*. ¶ 49.  Plaintiff further alleges that Terruso remained in the intake area of the ACJF—purportedly lifeless and restrained—for some period of time until he was placed in an ambulance. *Id*. ¶¶ 52, 69.

County Defendants allege that while Terruso was at the ACJF, CFG Defendants determined that he should be sent out for medical/psychological evaluation after Terruso was attempting to vomit. *See* Cnty. Defs.' Br. in Supp. of Motion at 2, ¶ 2 [ECF No. 33-1].  They allege that officers attempted to secure Terruso for transport to the medical facility, and that Terruso refused to follow instructions and resisted officers' attempts to control him. *Id.* ¶ 3.  County Defendants further allege that during attempts to control Terruso, he became unresponsive and stopped breathing. *Id.* ¶ 4.  They allege that CPR was successfully performed and Terruso was subsequently transported to AtlantiCare Regional Medical Center. *Id.* ¶¶ 4, 5.  County Defendants allege that several hours later, Terruso passed away while being treated. *Id*. ¶¶ 6, 8.

On the date of Mr. Terruso's death, the New Jersey Attorney General's Office ("NJAG") began an investigation into Terruso's death.  It secured evidence from the ACJF and subsequently advised ACJF to stay all internal affairs investigations and proceedings. *Id*. ¶¶ 7, 8.  To date, the NJAG's criminal investigation into the death of Terruso is still ongoing. *Id*. at 3, ¶ 10.  County Defendants further state that pursuant to Attorney General Law Enforcement Directive #2019-4, which addresses use of force and in-custody deaths, this case is required to be presented to a grand jury. *Id.* ¶¶ 11, 12.

**DISCUSSION**

The Court possesses the inherent discretion to stay a proceeding whenever "the interests of justice" require it. *United States v. Kordel,* 397 U.S. 1, 12 n. 27 (1970); *see also Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007) (stating "Magistrate Judges have broad discretion to manage their docket and to decide discovery issues, including whether to stay discovery"). A stay of a civil case where criminal proceeding is pending, is not constitutionally required, however, it may be warranted in certain circumstances. *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) citing *Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995). In determining whether to stay a proceeding the Court will "weigh competing interests" and strive to "maintain an even balance." *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). It is well settled that a stay of a civil case is an "extraordinary remedy." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 526.

In determining whether to stay a civil proceeding where criminal prosecution is pending, the Court should consider: 1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest. *Id*. at 527. The Court addresses these factors in turn.

1. **The extent to which the issues in the criminal and civil cases overlap.**

The similarity of issues in the civil and criminal matter is viewed as "the most important issue at the threshold." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527. Here, Plaintiff argues that the civil and criminal matters do not "entirely overlap." *See* Pl.'s Resp. in Opp'n at 9 [ECF No. 38]. He

further argues that there is no evidence that the criminal investigation implicates most of the defendants, particularly the CFG Defendants, the Hamilton Township Defendants, and County Defendants Tornblom and Morrissey. *Id*. The County Defendants, however, argue that there "can be no question" that the pending civil and criminal matters overlap. *See* Cnty. Defs.' Br. in Supp. of Motion at 5 [ECF No. 33-1]. These defendants state that the NJAG has taken over the investigation, subpoenaed documents and phone records, conducted interviews, and taken possession of all photographs and video evidence surrounding this incident. *Id*. County Defendants also state that Attorney General Law Enforcement Directive # 2019-4 requires the NJAG to present the facts surrounding Terruso's death to a grand jury because the incident involved the in-custody death of a civilian. *Id*. at 3 ¶¶ 11-12, 5. They contend that all the defendants involved in the incident are "under potential jeopardy" for criminal prosecution. *See* Cnty. Defs. Reply at 1-2. The CFG Defendants similarly argue that the civil and criminal cases overlap. *See* CFG Resp. at 1-2 [ECF No. 39]. They state that given their interactions with Terruso and their proximity to the events in question, it is likely that statements, reports, and/or investigations will include information regarding their roles in the event. *Id*.

The Court agrees with County Defendants and CFG Defendants and finds that there are significant similarities and overlap between the civil and criminal matters. It is undisputed that the cause of action in both matters stems from Terruso's in-custody death. Statements, reports, and testimony forming the basis of the criminal investigation will also be at the heart of the civil litigation. Moreover, as the CFG Defendants indicate, evidence relevant to this litigation is in the sole possession of the NJAG. *See* CFG Resp. at 3. This factor weighs substantially in favor of staying this proceeding.

### 2. The status of the case, including whether the defendants have been indicted.

The strongest case for a stay of discovery in the civil case occurs after an indictment is returned and the potential for self-incrimination is greatest. *Walsh Sec., Inc.*, 7 F. Supp. at 527. However, it is "still possible" to obtain a stay even though an indictment has not yet been returned if the Government is conducting an active parallel criminal investigation. *Id*. quoting Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990). County Defendants argue that although no indictment has been issued, the NJAG is actively investigating the defendants. They state the NJAG subpoenaed records, conducted investigations, and secured evidence from the Defendants. *See* Cnty. Defs.' Br. in Supp. of Motion at 5-6. County Defendants further state they have been made aware that they are targets of the criminal investigation. *Id*.; *see also* Cnty. Defs. Reply at 1.

The Court is persuaded by County Defendants' argument. There is no dispute that the NJAG is investigating the circumstances surrounding Terruso's death. Although the case has not yet been presented to a grand jury, County Defendants indicate that they are targets of the investigation. This factor weighs in favor of staying this litigation.

### 3. Plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay.

Plaintiff argues that he will be substantially prejudiced by a delay in litigation as "memories fade and evidence . . . erodes." *See* Pl.'s Resp. in Opp'n at 11. Plaintiff states the NJAG has not released information to the public regarding the "how and why Mr. Terruso died" and that Plaintiff is "entitled to find out what happened to [Terruso] and why." *Id*. County Defendants reject this argument, stating that all evidence regarding Terruso's death have been preserved by the NJAG. *See* Cnty. Defs.' Br. in Supp. of Motion at 6. They further state that if discovery were to proceed, they will likely exercise their Fifth Amendment rights. *Id.; see also* Cnty. Defs. Reply at 2.

6

The Court is not persuaded that Plaintiff will be prejudiced if this action is stayed. "The mere fact that additional time will pass . . . does not alone establish prejudice." *Tucker v. New York Police Dep't*, No. 08-2156, 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010). To show prejudice, Plaintiff "should demonstrate a unique injury, such as . . . an attempt to gain an unfair advantage from the stay." *Id*. Here, Plaintiff has not shown a unique injury, nor has Plaintiff shown that Defendants would obtain an unfair advantage from the stay. As County Defendants note, the risk of evidence eroding overtime is mitigated by the preservation of evidence incident to the NJAG's investigation. The Court agrees that Plaintiff is entitled to answers about Terruso's death. However, denying the request for a stay is unlikely to provide Plaintiff with the immediate answers he seeks. County Defendants have expressed their inclination to assert their Fifth Amendment rights during the pendency of the criminal investigation. This factor weighs in favor of staying this litigation.

### 4. The private interests of and burden on defendants.

CFG Defendants argue that it would be an unfair burden on Defendants to require discovery to proceed prior to the NJAG completing its investigation, because certain materials were shared only with Plaintiff pursuant a non-disclosure agreement. *See* CFG Resp. at 3. County Defendants argue that denying a stay will create a devastating burden on them because they will be forced to choose "between asserting or waiving their Fifth Amendment rights against self-incrimination." *See* Cnty. Defs.' Br. in Supp. of Motion at 7. Plaintiff counters that Defendants appearing at a deposition for the purpose of invoking their Fifth Amendment rights is "not such a substantial hindrance" to warrant a stay of discovery. *See* Pl.'s Resp. in Opp'n at 13. Plaintiff also states that the burden claimed by the defendants can be addressed by the Court's adoption of a staged discovery schedule. *Id.*

7

Although Plaintiff has received some information from the NJAG, the non-disclosure agreement incident to the ongoing investigation, prevents Plaintiff from sharing this information with the defendants. If litigation were to proceed, this undoubtedly disadvantages the defendants. The Court also finds that all parties would be burdened if this matter were not stayed. None of the parties are armed with the totality of the documents and evidence seized by the NJAG during its investigation. Engaging in discovery without his information may be premature and may result in significant discovery extensions once the NJAG's documents are received. This factor weighs in favor of staying discovery.

5.   **The Court's interests.**

The Court "has an interest in resolving individual cases efficiently" and in effectively managing its caseload. *Sperry v. Bridges*, No. CV 189996, 2021 WL 5413984, at *5 (D.N.J. Nov. 18, 2021) quoting *Walsh Sec., Inc.*, 7 F. Supp. 2d at 528. Plaintiff argues that if this matter were stayed, it will create an unnecessary backlog and unnecessary expenses for the Court and parties. *See* Pl.'s Resp. in Opp'n at 14. In contrast, County Defendants argue that denial of a stay will be inefficient and burdensome to the Court. They argue that the Court will be faced with privilege and Fifth Amendment issues raised by Defendants and possibly third-party witnesses. *See* Cnty. Defs.' Br. in Supp. of Motion at 7. These issues, they argue, would not exist if a stay were granted pending the resolution of the criminal matter. *Id.*; *see also* CFG Resp. at 3-4.

The Court finds that its interests in efficiently and effectively managing its caseload favors granting a stay. Since the criminal case stems from the same set of facts as the civil action, allowing the criminal matter to resolve would streamline the civil proceedings. *See Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot.*, No. 12-3252, 2016 WL 3267285, at *5

(D.N.J. June 8, 2016) (stating [i]n many cases granting a stay to allow the criminal matter to proceed first streamlines the proceedings and helps expeditiously resolve the civil matter).

**6.     The public interest.**

County Defendants argue that the public interest would best be served by staying this litigation to allow the NJAG to conduct a complete and unimpeded investigation into potential criminal activity. *See* Cnty. Defs.' Br. in Supp. of Motion at 7.  In opposition, Plaintiff argues that the public interest does not favor a stay because the case calls into question the fitness of the police and correctional officers as well as the quality and appropriateness of training provided to these defendants. *See* Pl.'s Resp. in Opp'n at 14-15.  Plaintiff argues that New Jersey citizens deserve answers to these questions and "deserve to know whether their tax dollars are being used to fund a professionally deficient corporation and its medical professionals." *Id.*  The Court finds that allowing the NJAG to complete its investigation and present the matter to a grand jury will serve the public's interest.  Public interest concerns raised by Plaintiff can also be ultimately addressed once litigation resumes.  This factor weighs in favor of staying discovery.

## CONCLUSION

Having considered and weighed the competing interests articulated in *Walsh*, the Court finds the *Walsh* factors overwhelmingly weigh in favor of staying the civil litigation pending the resolution of the criminal investigation.

**IT IS THEREFORE ORDERED** this **28th** day of **January 2022**, that County Defendants' Motion to Stay [ECF No. 33] is **GRANTED**.


**Dated:  Jan. 28, 2022**                                                           **s/ Sharon A. King**
                                                                                                      SHARON A. KING
                                                                                                      United States Magistrate Judge