**SALTZ MONGELUZZI BENDESKY P.C.**
**BY: ROBERT J. MONGELUZZI/ANDREW R. DUFFY/ MICHAEL A. BUDNER**
Identification Nos: 019141984/031021995/908412012
8000 Sagemore Drive, Suite 8303
Marlton, NJ 08053
(856) 751-8383

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **NICO A. TERRUSO-CRESPO, as the** | ) | |
| **Administrator *Ad Prosequendum and*** | ) | |
| **Administrator of the ESTATE OF** | ) | |
| **MARIO P. TERRUSO, JR., deceased** | ) | |
| **4500 West Brigantine Avenue, Unit 1315** | ) | |
| **Brigantine City, NJ 08203** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ATLANTIC COUNTY JUSTICE FACILITY** | ) | |
| **a/k/a ATLANTIC COUNTY JAIL a/k/a** | ) | **1:21-cv-15288-NLH-SAK** |
| | | |
| **ATLANTIC COUNTY DETENTION** | ) | |
| **CENTER** | ) | |
| **5060 Atlantic Avenue** | ) | |
| **Mays Landing, NJ 08330** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **COUNTY OF ATLANTIC a/k/a ATLANTIC** | ) | |
| **COUNTY** | ) | |
| **City Hall** | ) | |
| **1301 Bacharach Bld., Room 311** | ) | |
| **Atlantic City, NJ 08401** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **CITY OF ATLANTIC a/k/a ATLANTIC CITY** | ) | |
| **City Hall** | ) | |
| **1301 Bacharach Bld., Room 311** | ) | |
| **Atlantic City, NJ 08401** | ) | |
| | ) | |

And )
)
**ATLANTIC COUNTY, DEPARTMENT OF** )
**PUBLIC SAFETY, DIVISION OF ADULT** )
**DETENTION** )
**5033 English Creek Avenue** )
**Egg Harbor Township, NJ 08234** )
)
And )
)
**TOWNSHIP OF HAMILTON POLICE** )
**DEPARTMENT** )
**6101 13th Street** )
**Mays Landing, NJ 08330** )
)
And )
)
**HAMILTON TOWNSHIP** )
**6101 13th Street** )
**Mays Landing, NJ 08330** )
)
And )
)
**CFG HEALTH SYSTEMS, LLC** )
**765 East Route 70** )
**Building A-101** )
**Marlton, NJ 08053** )
)
And )
)
**KAROLYNE ANCHETA** )
**5060 Atlantic Avenue** )
**Mays Landing, NJ 08330** )
)
And )
)
**MARK JENIGEN** )
**5060 Atlantic Avenue** )
**Mays Landing, NJ 08330** )
)

2

        **And**                             )
                                               )

**SGT. ERIC TORNBLOM**
**5060 Atlantic Avenue**                   )
**Mays Landing, NJ 08330**

                                               )
        **And**                             )
                                               )

 **JUSTIN T. MARCO**
**5060 Atlantic Avenue**                   )
**Mays Landing, NJ 08330**               )
                                             )
        **And**                             )
                                             )

**SGT. MICHAEL MORRISSEY**         )
**5060 Atlantic Avenue**                   )
**Mays Landing, NJ 08330**               )
                                             )
        **And**

**LT. JESSE SWARTZENTRUVER**       )
**5060 Atlantic Avenue**                   )
**Mays Landing, NJ 08330**               )

                                             )
        **And**                             )

**SGT. NICOLE NELSON**               )
**6101 13th Street**                       )
**Mays Landing, NJ 08330**               )
                                             )
        **And**                             )
                                             )

**CORY SILVIO**                       )
**6101 13th Street**                       )
**Mays Landing, NJ 08330**               )
                                             )
        **And**                             )
                                             )

**WILLIAM HOWZE**                   )

**6101 13th Street**                    )
**Mays Landing, NJ 08330**             )
                                               )
            **And**                          )
                                               )

**SERVANDO PAHANG**                   )
**6101 13th Street**                    )
**Mays Landing, NJ 08330**             )
                                               )
            **And**

**SGT. MICHAEL SCHNURR**
**6101 13th Street**                    )
**Mays Landing, NJ 08330**             )

            **And**                          )

**DAWN GILBERT, RN**                   )
**765 East Route 70**                    )
**Building A-101**                         )
**Marlton, NJ 08053**                     )
                                               )
            **And**                          )

**DELING SANDOVAL, RN**             )
**765 East Route 70**                    )
**Building A-101**                         )
**Marlton, NJ 08053**                     )
                                               )
            **And**                          )
                                               )
**CAROL CALCERANO, NP**             )
**765 East Route 70**                    )
**Building A-101**                         )
**Marlton, NJ 08053**                     )
                                               )
            **And**                          )
                                               )
**NICOLE MAUROFF, RN**               )

**765 East Route 70**     )
**Building A-101**      )
**Marlton, NJ 08053**     )
             )
    **And**       )
             )
**JOHN DOES 2-10___**    )
             )
    **And**       )
             )
**JOHN DOES 12-20**     )
             )
    **And**       )
             )
**JOHN DOES 21-30**     )
             )
    **And**       )
             )
**JANE DOES 1-10**      )
             )
    **And**       )
             )
**JANE DOES 11-20**     )
             )
    **And**       )
             )
**JANE DOES 21-30**     )
             )
    **And**       )
             )
 **ABC CORPORATIONS 1-10**

## SECOND AMENDED CIVIL COMPLAINT

Plaintiff, Nico A. Terruso-Crespo, as the Administrator *Ad Prosequendum* and

Administrator of the Estate of Mario P. Terruso, Jr., residing at 4500 West Brigantine Avenue,

Unit 1315, Brigantine City, New Jersey 08203, by way of Complaint against Defendants says:

## PRELIMINARY STATEMENT

1.      This Complaint, arising from the egregious, outrageous and unlawful acts of

members of the Defendants, Atlantic County Justice Facility a/k/a Atlantic County Jail a/k/a

Atlantic County Detention Center, County of Atlantic a/k/a Atlantic County, City of Atlantic

a/k/a Atlantic City, Atlantic County Department of Public Safety – Division of Adult Detention,

Township of Hamilton Police Department, Hamilton Township, CFG Health Systems, LLC,

Karolyne Ancheta, Mark Jenigen, Eric Tornblom, Justin T. Marco, Michael T. Morrissey, Jesse

Swartzentruver, Nicole Nelson, Cory Silvio, William Howze, Servando Pahang, Michael Schnurr,

Dawn Gilbert, RN, Deling Sandoval, RN, Carol Calcerano, NP, Nicole Mauroff, RN, John Does

2-10, John Does 12-20, John Does 21-30, Jane Does 1-10, Jane Does 11-20, Jane Does 21-30,

and ABC Corporations 1-10, seeks compensatory and punitive damages and other relief pursuant

to applicable state and federal civil rights laws, specifically for the violation of Mario P. Terruso,

Jr.'s rights, privileges, and immunities as guaranteed by the Fourth and Fourteenth Amendments

to the Constitution of the United States and in violation of U.S.C. §1983 and 1988.  Claims on

behalf of Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P.

Terruso, Jr., deceased, are also brough pursuant to N.J.S.A. 59:8-1 *et seq.*, among other common

law and statutory rights.

## JURISDICTION AND VENUE

2.      Jurisdiction in this Court is invoked pursuant to 42 U.S.C.§ 1983 and 1988.

3.      Plaintiff also invokes the pendant jurisdiction of this Court to hear and decide any claims arising under state law.

4.      The practices alleged in this Complaint were and are being committed in the District of New Jersey, wherein, upon reasonable belief, all parties reside, govern and operate. Therefore, venue in this Court is invoked pursuant to 28 U.S.C. §1331 and 1343.

## THE PARTIES

5.      Nico A. Terruso-Crespo, is an adult individual and a citizen of the State of New Jersey residing at 4500 West Brigantine Avenue, Unit 1315, Brigantine City, New Jersey 08203.

6.      Nico A. Terruso-Crespo is the Administrator *Ad Prosquendum* and Administrator of the Estate of Mario P. Terruso, Jr., deceased.

7.      Nico A. Terruso-Crespo is the son of Mario P. Terruso, Jr., deceased.

8.      Defendant, Atlantic County Justice Facility a/k/a Atlantic County Jail a/k/a Atlantic County Detention Center (hereinafter, "ACJF"), is a governmental entity organized and existing under the laws of the State of New Jersey, with a business address located at 5060 Atlantic Avenue, Mays Landing, NJ 08330.

9.      Defendant, County of Atlantic a/k/a Atlantic County ("Atlantic County"), is a governmental entity organized and existing under the laws of the State of New Jersey, with a business address located at 1301 Bacharach Bld., Room 311, Atlantic City, NJ 08401.

10.     Defendant, City of Atlantic a/k/a Atlantic City ("Atlantic City"), is a governmental entity organized and existing under the laws of the State of New Jersey, with a business address located at 1301 Bacharach Bld., Room 311, Atlantic City, NJ 08401.

11.     Defendant, Atlantic County, Department of Public Safety, Division of Adult

Detention ("Division of Adult Detention"), is a governmental entity organized and existing under the laws of the State of New Jersey, with a business address located at 5033 English Creek Avenue, Egg Harbor Township, NJ 08234.

12.     Defendant, Township of Hamilton Police Department ("Hamilton PD"), is a governmental entity organized and existing under the laws of the State of New Jersey, with a business address located at 6101 13th Street, Mays Landing, NJ 08330.

13.     Defendant, Hamilton Township ("Hamilton"), is a governmental entity organized and existing under the laws of the State of New Jersey, with a business address located at 6101 13th Street, Mays Landing, NJ 08330.

14.     Defendant, CFG Health Systems, LLC, ("CFG") is a limited liability company organized and existing under the laws of the State of New Jersey, with a business address located at 765 East Route 70, Building A-101, Marlton, NJ 08053.

15.     Defendant, Karolyne Ancheta, is an adult individual and a citizen of the State of New Jersey with a business address of 5060 Atlantic Avenue, Mays Landing, NJ 08330.

16.     Defendant, Mark Jenigen, is an adult individual and a citizen of the State of New Jersey with a business address of 5060 Atlantic Avenue, Mays Landing, NJ 08330.

17.     Defendant, Sgt. Eric Tornblom, is an adult individual and a citizen of the State of New Jersey with a business address of 5060 Atlantic Avenue, Mays Landing, NJ 08330.

18.     Defendant, Justin T. Marco, is an adult individual and a citizen of the State of New Jersey with a business address of 5060 Atlantic Avenue, Mays Landing, NJ 08330.

19.     Defendant, Sgt. Michael T. Morrissey, is an adult individual and a citizen of the State of New Jersey with a business address of 5060 Atlantic Avenue, Mays Landing, NJ 08330.

20.     Defendant, Lt. Jesse Swartzentruver, is an adult individual and a citizen of the State of New Jersey with a business address of 5060 Atlantic Avenue, Mays Landing, NJ 08330.

21.     At all times relevant hereto, Defendants Karolyne Ancheta, Mark Jenigen, Sgt. Eric Tornblom, Justin T. Marco, Sgt. Michael T. Morrissey, Lt. Jesse Swartzentruver**,** John Does 2-10 and Jane Does 1-10 were employed as correctional officers by ACJF, Atlantic County, Atlantic City, and/or Division of Adult Detention.

22.     Defendant, Sgt. Nicole Nelson, is an adult individual and a citizen of the State of New Jersey with a business address of 6101 13th Street, Mays Landing, NJ 08330.

23.     Defendant, Cory Silvio, is an adult individual and a citizen of the State of New Jersey with a business address of 6101 13th Street, Mays Landing, NJ 08330.

24.     Defendant, William Howze, is an adult individual and a citizen of the State of New Jersey with a business address of 6101 13th Street, Mays Landing, NJ 08330.

25.     Defendant, Servando Pahang, is an adult individual and a citizen of the State of New Jersey with a business address of 6101 13th Street, Mays Landing, NJ 08330.

26.     Defendant,  Sgt. Michael Schnurr, is an adult individual and a citizen of the State of New Jersey with a business address of 6101 13th Street, Mays Landing, NJ 08330.

27.     At all times relevant hereto, Defendants, Sgt. Nicole Nelson, Cory Silvio, William Howze, Servando Pahang, Sgt. Michael Schnurr, John Does 12-20, Jane Does 11-20 were employed as law enforcement officers by Hamilton Township Police Department and/or Hamilton Township.

28.     Defendant, Dawn Gilbert, RN, is an adult individual and a citizen of the State of New Jersey with a business address of 765 East Route 70, Building A-101, Marlton, NJ 08053.

29.     Defendant, Deling Sandoval, RN, is an adult individual and a citizen of the State of New Jersey with a business address of 765 East Route 70, Building A-101, Marlton, NJ 08053.

30.     Defendant, Carol Calcerano, NP, is an adult individual and a citizen of the State of New Jersey with a business address of 765 East Route 70, Building A-101, Marlton, NJ 08053.

31.     Defendant, Nicole Mauroff, RN, is an adult individual and a citizen of the State of New Jersey with a business address of 765 East Route 70, Building A-101, Marlton, NJ 08053.

32.     At all times relevant hereto Defendants, Dawn Gilbert, RN, Deling Sandoval, RN, Carol Calcerano, NP, and Nicole Mauroff, RN, John Does 21-30, and Jane Does 21-30 were employed as nurses, registered nurses, nurse practitioners, and/or health care providers by Defendant, CFG Health Systems, LLC.

33.     At all times relevant hereto Defendants, Dawn Gilbert, RN, Deling Sandoval, RN, Carol Calcerano, NP, and Nicole Mauroff, RN, John Does 21-30, and Jane Does 21-30 were professionally registered and/or licensed to provide health care services in the State of New Jersey and, specifically, in ACJF, and entrusted with the medical care of Mario P. Terruso, Jr.

34.     Defendants, John Does 2-10, are adult individuals and, upon information and belief, citizens of the State of New Jersey; at all times relevant hereto, John Does 2-10 were employed as correctional officers at the ACJF.

35.     Defendants, Jane Does 1-10, are adult individuals and, upon information and belief, citizens of the State of New Jersey; at all times relevant hereto, Jane Does 1-10 were employed as correctional officers at the ACJF.

36.     Defendants, John Does 12-20, are adult individuals and, upon information and belief, citizens of the State of New Jersey; at all times relevant hereto, John Does 12-20 were employed as law enforcement officers by Hamilton Township PD.

37.     Defendants, Jane Does 11-20, are adult individuals and, upon information and belief, citizens of the State of New Jersey; at all times relevant hereto, Jane Does 11-20 were employed as law enforcement officers by Hamilton Township PD.

38.     Defendants, John Does 21-30, are adult individuals and, upon information and belief, citizens of the State of New Jersey; at all times relevant hereto, John Does 21-30 were entrusted with the medical care of Mario P. Terruso, Jr, including, but not limited to doctors, nurses, and/or other licensed healthcare professionals.

39.     Defendants, Jane Does 21-30, are adult individuals and, upon information and belief, citizens of the State of New Jersey; at all times relevant hereto, Jane Does 21-30 were entrusted with the medical care of Mario P. Terruso, Jr., including, but not limited to doctors, nurses, and/or other licensed healthcare professionals.

40.     Defendants Ancheta, Jenigen, Tornblom, Marco, Morissey, Nelson, Silvio, Howze, Pahang, Gilbert, Sandoval, Calcerano, Mauroff, John Does 2-10, John Does 12-20, John Does 21-30, Jane Does 1-10, Jane Does 11-20, and Jane Does 21-30 are being named as defendants in their individual and official capacity.

41.     Defendants, ABC Corporations 1-10, are entities entrusted with providing medical care at the ACJF whose identity, through reasonable investigation, is not yet known.

## FACTUAL ALLEGATIONS

40.     On September 15, 2019, Hamilton Township Police responded to a call at 7352 Driftwood Lane, Mays Landing, New Jersey 08330 and arrested Mario P. Terruso, Jr. on an unrelated warrant for contempt based on outstanding child support.  The warrant was never confirmed by the arresting officers and, had they done so, Hamilton Township Police would have learned that the child support had been paid and the warrant was no longer active.

41.    Hamilton Police Department officers placed Mr. Terruso in handcuffs and took him to the ACJF.

42.    Hamilton Police Department officers, including, but not limited to Defendants Nelson, Silvio, Howze, Pahang, Schnurr, John Does 12-20, and Jane Does 11-20, refused to provide Mr. Terruso with critical and necessary medical care.

43.    Mr. Terruso remained at ACJF for several hours, during which time there is evidence that Mr. Terruso was ambulating on his own, not suffering from any injuries, and communicating with correctional officers.

44.    During the time that Mr. Terruso remained at ACJF for several hours, he was evaluated by Defendants, Gilbert, Sandoval, Calcerano, Mauroff, John Does 21-30, and/or Jane Does 21-30.

45.    On September 15, 2019, from approximately 2:00 p.m. until 5:06 p.m., Mario P. Terruso, Jr., was able to walk on his own, unrestrained.

46.    On September 15, 2019, from approximately 5:06 p.m. until 5:34 p.m., upon information and belief, there is apparently no video footage depicting Mr. Terruso.

47.    On September 15, 2019, from approximately 5:34 p.m. and 6:44 p.m. numerous correctional officers and medical professionals surrounded Mr. Terruso's cell at various points with apparent concern for his medical condition, including, but not limited to, Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Gilbert, Sandoval, Calcerano, Mauroff, John Does 2-10, John Does 21-20, Jane Does 1-10, and Jane Does 21-30.

48.    On September 15, 2019, at approximately 6:44 p.m., Mr. Terruso was taken out of his cell in apparent medical distress.

49.    On September 15, 2019, at approximately 6:47 p.m., Mr. Terruso, despite exhibiting no signs of resistance, was violently thrown to the floor, and fatally beaten by ACJF

12

correctional officers, including, but not limited to Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver**,** John Does 2-10, and Jane Does 1-10.

50.     At approximately 6:51 p.m., Mr. Terruso's head was violently and audibly smashed into the concrete floor three (3) times, at which point he began to bleed profusely.

51.     Upon information and belief, Defendant Jenigen punched Mario P. Terruso, Jr., in the face multiple times as he was being restrained by many other officers.

52.     On September 15, 2019, from approximately 6:47 p.m. until 7:15 p.m., Mr. Terruso remained in the intake area of the ACJF in varying degrees of restraint while apparently lifeless as a direct result of the fatal beating he sustained at the hands of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morissey, Swartzentruver**,** John Does 2-10, and Jane Does 1-10.

53.     While at the ACJF, Mario P. Terruso, Jr., was physically assaulted, severely beaten, and killed by correctional officers of the ACJF, including, but not limited to Defendants, Karolyne Ancheta, Mark Jenigen, Sgt. Eric Tornblom, Justin Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10.

54.     The beating and use of excessive force against Mr. Terruso by Defendants, Karolyne Ancheta, Mark Jenigen, Sgt. Tornblom, Justin Marco, Sgt. Michael Morrissey, Lt. Jesse Swartzentruver, John Does 2-10 and Jane Does 1-10, and the subsequent cover up was not an isolated or aberrational incident.  It was the direct result of systemic deficiencies in the training, supervision and discipline of the ACJF officers, including, but not limited to Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, that began long before the brutal assault and killing of Mr. Terruso and continue to this day.

55.     After physically assaulting and severely and fatally injuring Mr. Terruso, Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver,  John Does 2-10 and Jane Does 1-10, failed to take reasonable steps to provide him with prompt medical attention.

56.     Before physically assaulting Mr. Terruso, Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, failed to take reasonable steps to provide him with prompt medical attention despite the fact that he was in clear medical distress, by Defendants' own account.

57.     Before he was physically assaulted, Mr. Terruso was deprived of necessary and critical medical care by Defendants Nelson, Silvio, Howze, Pahang, Schnurr, John Does 12-20, and Jane Does 11-20.

58.     Before Mr. Terruso was physically assaulted, Defendants, CFG, Gilbert, Sandoval, Calcerano, Mauroff, John Does 21-30, Jane Does 21-30, and/or ABC Corporations 110, failed to take reasonable steps to provide Mr. Terruso with prompt medical attention despite the fact that he was in clear medical distress, by Defendants' own account.

59.     As Mr. Terruso struggled for his life, Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, compressed Mr. Terruso's neck toward his chest, further depriving him of oxygen.

60.     The brutal assault and killing of Mr. Terruso was unlawful, unprovoked and unjustified.

61.     Mr. Terruso was unarmed, in custody, and heavily outnumbered at the time of his fatal beating on September 15, 2019.

62.     Mr. Terruso did not physically resist nor verbal threaten any correctional officers immediately before his fatal beating.

14

63.     Footage in hours leading up to Mr. Terruso's violent and unprovoked killing show correctional officers conversing with Mr. Terruso while he was unrestrained and permitted to walk around in the intake area, not confined to a cell.

64.     Mr. Terruso presented absolutely no threat and posed no danger to Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver,  John Does 2-10 and Jane Does 1-10, while in the custody of the ACJF.

65.     After physically assaulting Mr. Terruso, Defendants Ancheta, Jenigen, Tornblom, Marco, Morissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, engaged in a conspiracy to block the cameras and spread falsehoods about Mr. Terruso resisting. Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and/or Jane Does 1-10, are heard saying "stop resisting" as Mr. Terruso is unable to move on his own; more than 10 minutes after Mr. Terruso last moved his body on his own, Defendant Tornblom and/or John Does 2-10 can be heard saying "We're at the point where he has stopped resisting, which is good."

66.     Mr. Terruso did not engage in any action that justified the physical beating and excessive use of force by Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10,

67.     Mr. Terruso was traumatized, terrified, and feared for his life, which, as a result of the Defendants' conduct, was taken from him.

68.     After the brutal beating, Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, left Mr. Terruso in a full body wrap and on the floor for more than 27 minutes before he was placed in an ambulance.

69.     At all times relevant hereto, Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does

12-20, Jane Does 1-10, and Jane Does 11-20, acted under the color of law, clothed in the authority of state law.

70.     At all times relevant hereto, Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20 committed abuses of power and violated the law in their official capacity.

71.     As a result of the actions of the Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, Mr. Terruso was deprived of the rights conferred to him by the Constitution of the United States of America.

72.     Mr. Terruso's deprivation of rights was a direct result of the official acts of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20.

73.     At all times relevant hereto, Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20 acted intentionally to deprive Mr. Terruso of his Constitutional rights, specifically the Fourth and Fourteenth Amendments, and rights under New Jersey law.

74.     At all times relevant hereto, Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, failed to intervene to prevent other law enforcement officers from violating Mr. Terruso's constitutional rights.

75.     At all times relevant hereto, Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, had a realistic opportunity to intervene to prevent harm from occurring to Mr. Terruso.

76.     Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton had policies, customs and practices in place that directly caused the deprivation of constitutional rights suffered by Mr. Terruso.

77.     Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton promulgated policies and/or maintained policies and customs that, although not officially authorized, were widespread within their employees and agents.

78.     At all times relevant hereto, Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr,  ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, Hamilton, John Does 2-10, John Does 12-20, Jane Does 1-10 and Jane Does 11-20 acted with deliberate indifference to the constitutional rights and well-being of Mr. Terruso.

79.     Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20 made a deliberate choice to follow a course of action that resulted in Mr. Terruso's death, despite various alternative choices.

80.     Defendants Ancheta, Jenigen, Tornblom, Marco, Morissey, Swartzentruver, John Does 1-10 and Jane Does 1-10 used unreasonable and/or excessive force against Mr. Terruso.

81.     Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10 used more force than was necessary against Mr. Terruso in light of the circumstances.

82.   Under no circumstances was the use of deadly force against Mr. Terruso justified.

83.   An objectively reasonable officer facing the same circumstances would not have used deadly force against Mr. Terruso.

84.   As a direct and proximate result of the brutal assault and battery, Mario P. Terruso, Jr., sustained catastrophic, permanent, and fatal injuries, including traumatic brain injury and significant brain bleeding, multiple fractures and orthopedic injuries, and significant cuts, scrapes and bruising.

## FIRST COUNT PATTERN AND PRACTICE ALLEGATIONS
### (Municipal and Governmental Liability)

86.   The beating, use of excessive force, and killing of Mr. Terruso by Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10 and the subsequent cover up by Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, Hamilton, John Does 2-10 and Jane Does 1-10, which includes members of the ACJF whose identities are not yet known, was not an isolated or aberrational incident. It was the direct result of systemic deficiencies in the training, supervision, and discipline of ACJF correctional officers, including the individually named defendants, that began long before the physical assault and killing of Mr. Terruso and continue to this day.

87.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton implemented, enforced, encouraged and sanctioned a *de facto* policy, practice and/or custom of the use of unreasonable and excessive force on citizens and coverup of these incidents.

88.    Members of ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, have a systematic and documented history of aggressive police and/or correctional practices, including falsifying reports, sham Internal Affairs investigations, engaging in coverups, unlawful arrests, malicious prosecution, and use of excessive and unjustifiable force against the public.

89.    Before and after the unprovoked use against Mario Terruso on September 15, 2019, there were other incidents of unjustified use of force, false arrest, coverups, and malicious prosecution by police officers and correctional officers employed by ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton.

90.    Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, through their Internal Affairs departments and their correctional and/or police officers, have engaged in past practices and policies of exhibiting deliberate indifference to the complaints of violations of constitutional rights by citizens, such as Mario P. Terruso, Jr., against correctional officers and/or police officers who were employed by or acted as agents of Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton.

91.    Defendants', ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton. Internal Affairs departments are a complete sham and, as such, created an environment wherein officers believed that they could act unlawfully without any repercussions or discipline. Such past policy and practice are directly linked to the violation of the constitutional rights of Mario P. Terruso, Jr., because such past policy and practice encouraged violations by correctional officers and police officers, including the individually named defendants as well as John Does 2-10 and Jane Does 1-10.

92.     Defendants, collectively and individually, while acting under the color of law, engaged in conduct that constituted a custom, policy, usage, practice, procedure or rule of Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, which is forbidden by the New Jersey State Constitution.

93.     The aforementioned customs, policies, usages, practices, procedures and rules of Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, and their correctional and/or police officers, included the assault, battery, and killing of Plaintiff's decedent, Mario P. Terruso, Jr., and other innocent citizens, the conspiracy to deprive Mario P. Terruso, Jr. of his civil rights, creation of false reports, withholding of evidence and cover up.

94.     Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, including Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, engaged in a policy, custom and practice of inadequate screening, hiring, retaining, training, and supervising its employees, which was the moving force behind the violation of Mario P. Terruso, Jr.'s, rights described herein.

95.     A s result of Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, failure to properly screen, hire, retain, train, supervise, discipline their employees, and remedy constitutional violations by their offices, including the named Defendants herein, Defendants explicitly and implicitly authorized, ratified and condoned Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20's illegal conduct and have been deliberately indifferent to the acts and conduct complained of herein.

96.    The foregoing customs, policies, practices, procedures and rules constitute deliberate indifference to the safety, well-being and State constitutional rights of Mario P. Terruso, Jr. and were a direct and proximate cause and the moving force behind the constitutional violations suffered by Mario P. Terruso, Jr.

97.    Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, by and through their employees, including the individual Defendants named above, provided grossly deficient training and supervision to their correctional and/or police officers, including the named individuals, concerning, for example, the use of excessive and/or deadly force, despite actual and/or constructive notices that officers, including Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, were improperly trained and violating minimally accepted police practices.

98.    Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, through their Internal Affairs department employees, failed to impose discipline or investigate misconduct on the part of their correctional officers and/or police officers, including the named Defendants herein, before and including this instance, despite actual and/or constructive notice that these officers engaged in a pattern of using excessive force and violating the constitutional rights of citizens.

99.    Defendant, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, were negligent and/or reckless in their hiring and retention of correctional officers and police officers, including the individual named defendants.

100.   On November 12, 2019, a written Notice of Claim was served on Defendants via FedEx Overnight delivery.

101.   At least 3.5 years have elapsed since the service of the Notices of Claim, and adjustment or payment of the claim has been neglected or refused.

102.   All the acts and omissions committed by Defendants described herein for which liability is claimed were done unlawfully, maliciously, wantonly, recklessly, with deliberate indifference, negligently, and/or with bad faith, and said acts meet all standards for imposition of punitive damages.

103.   All the acts and omissions committed by Defendants described herein for which liability is claimed were conducted in their individual and official capacities.

### SECOND COUNT
### 42 U.S.C. § 1983 Unreasonable and Excessive Force

104.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

105.   Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10's unlawful, careless, negligent and reckless acts of assaulting, battering, and killing Mario P. Terruso, Jr., and the use of unreasonable, excessive, and deadly force showed deliberate indifference for the life and safety of Mario P. Terruso, Jr.

106.   Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10's negligent, careless, reckless and wanton acts of conspiring to use excessive force and/or their failure to intervene showed deliberate indifference for the life and safety of Mario P. Terruso, Jr.

107.   By their conduct, Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver,  John Does 2-10 and Jane Does 1-10, deprived Mario P. Terruso, Jr., of his right to be free from excessive and unreasonable use of force under the Fourth and Fourteenth Amendments of the United States Constitution.

108.   As a direct and proximate result of Defendants, Ancheta, Jenigen, Tornblom,

Marco, Morrissey, Swartzentruver,  John Does 2-10 and Jane Does 1-10's misconduct and abuse of authority detailed above, Mario P. Terruso, Jr., sustained the damages alleged herein and claimed by his Estate.

## THIRD COUNT
### 42 U.S.C. § 1983 Deliberate Indifference to Medical Needs

109.  Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

110.  Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver,  John Does 2-10 and Jane Does 1-10, under color of state law, both before and after physically assaulting and battering Mario P. Terruso, Jr., failed to provide prompt and necessary medical assistance and/or interfered in the efforts of other to provide medical assistance to Mario P. Terruso, Jr., while he was in their custody, with deliberate indifference to his medical needs, which constitutes cruel and unusual punishment in violation of Mario P. Terruso's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

111.  Defendants, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 12-20 and Jane Does 1120, failed to provide prompt and necessary medical assistance and/or interfered in the efforts of other to provide medical assistance to Mario P. Terruso, Jr., while he was in their custody, with deliberate indifference to his medical needs, which constitutes cruel and unusual punishment in violation of Mario P. Terruso's rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

112.  As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Mario P. Terruso, Jr., sustained fatal injuries and the damages alleged herein.

## FOURTH COUNT
### 42 U.S.C. §1983 Conspiracy

113.  Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

114.  Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver,  John Does 2-10 and Jane Does 1-10, under color of state law, conspired with each other, reached a mutual understanding, and acted to undertake a course of conduct to cover up the true nature of the incident and to injure, oppress, threaten and intimidate Mario P. Terruso, Jr., in the free exercise and enjoyment of the rights and privileges and equal protection of the law secured to him by the United States Constitution, including the right to be free from the excessive and unreasonable use of force; the right to be free from the delay and denial of medical attention; the right to be free from unnecessary and wanton infliction of pain; the right not to be deprived of his liberty without due process of law; and the right not to be deprived of his life without the due process of law.

115.  Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, took numerous overt steps in furtherance of such conspiracy, as set forth above, and by preparing false reports of the incident, failing to conduct an adequate and thorough Internal Affairs Investigation, and either deliberately destroying or fraudulently concealing videotape(s) of the incident.

116.  As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Mario P. Terruso, Jr., sustained fatal injuries and the damages alleged herein.

<u>**FIFTH COUNT**</u>
**42 U.S.C. §1983 Supervisor Liability**

117.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

118.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, had a duty to supervise their employees, including correctional officers and/or police officers, and they failed to do so.

119.   Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, were, at all relevant times, supervisory personnel employed by Defendants with oversight responsibility. They were responsible for training, instruction, supervision, and discipline of officers who violated Mario P. Terruso, Jr.'s, constitutional rights in the manner described above.

120.   As supervisory personnel, Defendants owed a duty of care to Mario P. Terruso, Jr., to prevent the conduct alleged, which foreseeably caused his injuries and violation of his civil rights.

121.   These Defendants knew, or in the exercise of due diligence, should have known that the inappropriate, unlawful and tortuous conduct of Defendants against Mario P. Terruso, Jr., was likely to occur.

122.   These Defendants failed to take preventative and remedial measures to guard against the constitutional violations committed by Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20.  Had Defendants taken appropriate

action, Mario P. Terruso, Jr., would not have been physically assaulted and battered, injured and killed.

123.   The failure of these Defendants to train, supervise, and discipline Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 110, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, amounted to gross negligence, deliberate indifference, or reckless misconduct, which directly caused and was the moving forced behind the deprivations suffered by Mario P. Terruso, Jr.

124.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, as the employers of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, are responsible for their wrongdoing under the doctrine of *respondeat superior* and the New Jersey Tort Claims Act, N.J.S.A. §59-2-2, *et seq.*

125.   As a direct and proximate result of the Defendants' failure to supervise Defendants Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, which resulted in the use of excessive force, misconduct and abuse of authority, detailed above, Mario P. Terruso, Jr., was killed and his Estate suffered the damages alleged herein.

## SIXTH COUNT
### Common Law Assault and Battery

126.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

127.   In assaulting, battering, injuring and killing Mario P. Terruso, Jr., Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, were acting in their official capacity as correctional officers and/or police officers for Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, and within the scope of their employment, committed an unlawful and unwarranted assault and battery upon Mario P. Terruso, Jr., killing him.

128.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD and Hamilton, as employers of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, John Does 2-10 and Jane Does 1-10, are responsible for their wrongdoing under the doctrine of *respondeat superior* and the New Jersey Tort Claims Act, N.J.S.A. § 59-2-2, *et seq.*

129.   As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Mario P. Terruso, Jr., was killed and his Estate sustained the damages alleged herein.

## SEVENTH COUNT
### Common Law Negligence – Provision of Medical Care

130.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

131.   Defendants ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, Hamilton, CFG, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, Gilbert, Sandoval, Calcerano, Mauroff, John Does 2-10, John Does 12-20, John Does 21-30, Jane Does 1-10, Jane Does 11-20, Jane Does 21-30, and ABC Corporations 1-10 acting in their individual and official capacity and within the scope of

their employment, negligently failed to provide prompt and adequate medical care to Mario P. Terruso, Jr., when he was in apparent medical distress before the beating and after he was the was the victim of illegal, unreasonable and excessive use of force which resulted in severe injuries and death as described herein.

132.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, Hamilton, and CFG, as their employers, are responsible for the wrongdoings of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, Gilbert, Sandoval, Calcerano, Mauroff, John Does 2-10, John Does 12-20, John Does 21-30, Jane Does 1-10, Jane Does 11-20, Jane Does 21-30, and ABC Corporations 1-10, under the doctrine of *respondeat superior* and the New Jersey Tort Claims Act, N.J.S.A. § 59-2-2, *et seq.*

133.   As a direct and proximate result of Defendants' negligent provision of medical care, which resulted in the misconduct and abuse of authority detailed above, Mario P. Terruso, Jr., was killed and his Estate sustained the damages alleged herein.

## EIGHTH COUNT
### Negligent Hiring

134.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

135.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, were responsible for the recruiting, hiring, training, and ongoing supervision of the correctional officers and police officers whom they employed.

136.   Defendants had a duty to properly ascertain its correctional officers' and police officers' fitness to become the same before they were hired as officers.

137.   Defendants failed to properly determine the fitness of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, to be hired as correctional officers and/or police officers to ensure that they would not violate Mario P. Terruso, Jr.'s, civil rights.

138.   Defendants knew, or in the exercise of due diligence, should have known that the individual defendant were not fit for duty and that the inappropriate, unlawful and tortuous conduct of Defendants against Mario P. Terruso, Jr., was likely to occur.

139.   Defendants failed to take preventative and remedial measures to guard against the constitutional violations committed by Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20.  Had they taken appropriate action, Mario P. Terruso, Jr. would not have been physically assaulted, battered, injured and killed.

140.   The failure of Defendants to properly ascertain Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20's fitness for employment and to monitor their continued fitness for duty amounted to gross negligence, deliberate indifference, or reckless conduct which directly caused and was the moving factor behind the deprivations suffered by Mario P. Terruso, Jr.

141.   As a direct and proximate result of Defendants' negligent hiring, which resulted in the misconduct and abuse of authority detailed above, Mario P. Terruso, Jr., was killed and his Estate sustained the damages alleged herein.

## NINTH COUNT
### (Negligent Training and Supervision)

142.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

143.   Defendants were responsible for recruiting, hiring, training and ongoing supervision of correctional and/or police officers.

144.   Defendants and their employees had a duty to properly train and supervise their officers to ensure that they did not violate the constitutional rights of citizens.

145.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, failed to properly train, supervise and discipline Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 110, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, to ensure that they did not violate the constitutional rights of citizens, including Mario P. Terruso, Jr.

146.   The failure of Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, to properly train, supervise and discipline Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, amounted to gross negligence, deliberate indifference, or reckless misconduct, which directly caused and was the moving force behind the deprivations suffered by Mario P. Terruso, Jr.

147.   As a direct and proximate result of Defendants' negligent training and supervision of its employees, which resulted in the misconduct and abuse of authority detailed above, Mario P. Terruso, Jr., was killed and his Estate sustained the damages alleged herein.

## TENTH COUNT
## Negligent Retention

148.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

149.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, knew or should have known that Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, were not qualified to act as correctional and/or police officers.

150.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, knew or in the exercise of due diligence should have known that these Defendants were not fit for duty and that the inappropriate, unlawful and tortious conduct of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, against Mario P. Terruso, Jr., was likely to occur.

151.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, were aware of numerous prior incidents that should have alerted them to the potential unlawful conduct of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20.

152.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, were, at the very least, aware of numerous citizens' complaints of excessive force, coverup, false arrest, and malicious prosecution against Defendants, Ancheta,

Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, and other members of the Defendants.  Defendants did nothing to prevent the ongoing unlawful actions of its correctional officers or police officers.

153.  Defendants failed to take reasonable steps to ensure that their correctional officers and police officers would act appropriately within the confines of the law.

154.  Defendants had a duty to take reasonable and appropriate steps to ensure that Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, would not act unlawfully and would not violate the constitutional rights of the citizens they serve, including Mario P. Terruso, Jr.

155.  Defendants failure to properly discipline its correctional officers and/or police officers and monitor their continue fitness for duty, coupled with their negligent retention of Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, despite actual and/or constructive knowledge that they were not fit to be correctional officers and/or police officers, amounted to gross negligence, deliberate indifference, or reckless misconduct, which directly caused and was the moving force behind the deprivations suffered by Mario P. Terruso, Jr.

156.  As a direct and proximate of Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton's failure to take appropriate steps to ensure Defendants, Ancheta, Jenigen, Tornblom, Marco, Morrissey, Swartzentruver, Nelson, Silvio, Howze, Pahang, Schnurr, John Does 2-10, John Does 12-20, Jane Does 1-10, and Jane Does 11-20, would not act unlawfully, which resulted in the misconduct and abuse of authority

detailed above, Mario P. Terruso, Jr., was killed and his Estate sustained the damages alleged herein.

## ELEVENTH COUNT
### Violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1-2

157.  Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

158.  Defendants, under color of statute, ordinance, reputation, custom and usage have deprived and caused Mario P. Terruso, Jr., to be subjected to the deprivation of rights, privileges and immunities secured by the New Jersey Constitution and the laws of the State of New Jersey, including his right to life, his right to liberty, his right to be secure as a person against excessive use of force, and his right to freedom of association secured to him by the New Jersey State Constitution.

159.  Defendants, acting under color of law, unlawfully deprived Mario P. Terruso, Jr., of his civil rights by, *inter alia*, seizing him, using excessive force against him, using unreasonable force against him, using deadly force against him, using unjustifiable force against him, failing to intervene to prevent the unlawful acts against him, failing to render timely medical aid to him, and failing to properly hire, train, retain and supervise correctional and/or police officers.

160.  Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, are vicariously liable for the actions of its employees who were acting in their official capacities at the time of Mario P. Terruso, Jr.'s assault, battery, and killing.

161.  Defendants' acts were done in knowing violation of Mario P. Terruso, Jr.'s, legal and constitutional rights and have caused Mario P. Terruso, Jr.'s, injuries, including physical injury, humiliation, mental pain and suffering and emotional distress.

162.   Defendants' deprivation of Mario P. Terruso, Jr.'s, civil rights violates the New Jersey Constitution and gives rise to Plaintiff's, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, claims for relief and redress under N.J.S.A. 10:6-1, *et seq.*

163.   Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, are directly and vicariously liable for the acts of their correctional officers and/or police officers in the performance of their duties under the color of state, county, and municipal law.

164.   Based on the aforesaid conduct, Defendants, acting under color of law, deprived and interfered with by use of excessive, unreasonable, unjustifiable, and deadly force, intimidation, and/or coercion, the exercise and/or enjoyment by Mario P. Terruso, Jr., of the rights guaranteed to him by the New Jersey Constitution including, but not limited to:

      a.   The right to enjoy and defend life and liberty;

      b.   The right to pursue and obtain safety and happiness;

      c.   The right to due process of law;

      d.   The right to equal protection of the laws;

      e.   The right to be secure from unreasonable searches and seizures;

      f.   The right to any other natural and unalienable right retained by the people;

      g.   The right to privacy; and

      h.   The right to be free of cruel and unjust punishment.

165.   As a direct and proximate result of Defendants' misconduct and abuse of authority detailed above, Mario P. Terruso, Jr., was killed and his Estate sustained the damages alleged herein.

## TWELTFTH COUNT
### Negligent and Intentional Infliction of Emotional Distress

166.  Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

167.  Defendants acted unlawfully and recklessly with deliberate disregard of a high probability that emotional distress would follow.  Defendants' conduct was extreme and so outrageous in character and degree as to go beyond all possible bounds of decency.  Defendants' conduct was so atrocious, it is utterly intolerable in a civilized community.

168.  As a direct and proximate result of Defendants' actions, Mario P. Terruso, Jr., suffered severe and substantial emotional distress and mental harm, which no reasonable person could be expected to endure.

## THIRTEENTH COUNT
### Spoilation/Fraudulent Concealment

169.  Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

170.  Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, have failed to produce all or some of the videotape(s) of the incident and other evidence despite requests for the same.

171.  Defendants, ACJF, Atlantic County, Atlantic City, Division of Adult Detention, Hamilton PD, and Hamilton, have a legal obligation to preserve and disclose the evidence in connection with this litigation.  This evidence is clearly material to this litigation and any Internal Affairs Investigation conducted.

172.   Plaintiff is limited in obtaining access to the evidence from another source other than requesting the videotape(s) and other evidence that Defendant either intentionally lost, destroyed or fraudulently concealed the evidence with the purpose to disrupt this investigation and litigation.

173.   As a direct and proximate result of Defendants' misconduct and abuse of authority, as detailed above, Plaintiff has been damaged.

## FOURTEENTH COUNT
### Professional/Medical Negligence

174.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

175.   Defendants, CFG, Gilbert, Sandoval, Calcerano, Mauroff, John Does 21-30, Jane Does 21-30, and ABC Corporations 1-10 are licensed medical and/or healthcare providers and/or medical provider entities and/or registered nurses and/or nurse practitioners who rendered or failed to render medical care to Mario P. Terruso, Jr.

176.   As a direct and proximate result of the acts and/or omissions of Defendants, CFG, Gilbert, Sandoval, Calcerano, Mauroff, John Does 21-30, Jane Does 21-30, and ABC Corporations 1-10, Mario P. Terruso did not receive and/or received inadequate medical care despite exhibiting clear signs of medical distress for hours.

177.   At all times relevant herein, Defendants, CFG, Gilbert, Sandoval, Calcerano, Mauroff, John Does 21-30, Jane Does 21-30, and ABC Corporations 1-10's treatment of Mario P. Terruso, Jr., did not meet the appropriate medical standard of care under the circumstances.

178.   At all times relevant herein, Defendants, CFG, Gilbert, Sandoval, Calcerano, Mauroff, John Does 21-30, Jane Does 21-30, and ABC Corporations 1-10, had the opportunity and the obligation to provide adequate medical care to Mario P. Terruso and failed to do so.

179.   Defendants, CFG, Gilbert, Sandoval, Calcerano, Mauroff, John Does 21-30, Jane Does 21-30, and ABC Corporations 1-10, knew or should have known that Mario P. Terruso, Jr., was in medical distress and required hospitalization.

180.   At all times relevant hereto, CFG, Gilbert, Sandoval, Calcerano, Mauroff, John Does 21-30, Jane Does 21-30, and ABC Corporations 1-10, provided medical care and/or treatment that deviated from the accepted standard of care within their respective fields.

181.   As a direct and proximate result of Defendants' medical/professional negligence and/or deviations from/failure to meet the accepted standard of medical care, as detailed above, Plaintiff has been damaged.

## FIFTEENTH COUNT
### Wrongful Death

182.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

183.   Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, brings this cause of action on behalf of the beneficiaries and by virtue of and pursuant to the Wrongful Death Act and the applicable Rules of Civil Procedure and decisional law.

184.   By reason of the carelessness, negligence, recklessness, intentional conduct, and/or other liability inducing conduct of Defendants by and through their agents, servants, workmen,

contractors and/or employees as aforesaid, Plaintiff's decedent, Mario P. Terruso, Jr., was caused to sustain devastating, catastrophic, and fatal injuries on September 15, 2019.

185.  Plaintiff's decedent, Mario P. Terruso, Jr., sustained a loss of earnings and a loss of earning capacity, and as a result of his wrongful death he was prevented from performing all of his usual duties, occupations and avocations, all to his great loss and detriment.

186.  As a direct and proximate result of the foregoing, the Wrongful Death beneficiaries, including Plaintiff, Nico A. Terruso-Crespo, have been and will continue to be wrongfully deprived of the services, society and comfort, which the decedent would have provided.

187.  As a direct and proximate result of the foregoing, the Wrongful Death beneficiaries have been and will continue to be deprived of the guidance, tutelage and moral upbringing which they would have received from Plaintiff's decedent, Mario P. Terruso, Jr., but for the Defendants' negligence, gross negligence, recklessness, deliberate indifference, and/or intentional conduct.

188.  As a direct and proximate result of the foregoing, decedent's Wrongful Death beneficiaries suffered, are suffering for an indefinite period of time, in the future will suffer damages, injuries and losses including, but not limited to, the loss of financial support and the beneficiaries has been wholly deprived of the contributions that they would have received from the Plaintiff's decedent, Mario P. Terruso, Jr., including money which the decedent would have provided for such items as clothing, shelter, food, medical care, vacations, entertainment, recreation and gifts.

189.  As a direct and proximate result of the foregoing, Plaintiff's decedent's Wrongful Death beneficiaries have been, continue to be and will be in the future deprived of large and various sums of money which the decedent would have contributed to their support.

190. As a direct and proximate result of the foregoing, the Plaintiff's decedent's Wrongful Death beneficiaries have been caused to incur funeral, burial, and estate administration expenses.

191. By reason of the carelessness, negligent, and other liability producing conduct of Defendants, Plaintiff's decedent's Wrongful Death beneficiaries suffered, are suffering, and will for an indefinite period of time in the future suffer damages, injuries and losses including, but not limited to, the deprivation of services, support, income, consortium, counsel, aid, association, care, society and comfort which Plaintiff's decedent, Mario P. Terruso, Jr., would have provided, including work around the home, physical comforts and services, society and comforts.

192. Plaintiff claims on behalf of the Plaintiff's decedent's heirs-at-law and next-ofkin, and on his own behalf, all damages recoverable pursuant to applicable law, including and by virtue of the New Jersey Wrongful Death Act, N.J. Stat. Ann §2A:31-1 *et. Seq.*

## SIXTEENTH COUNT
### Survival Act

193. Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, repeats and realleges the foregoing paragraphs of the Complaint as if the same were fully set forth at length herein.

194. Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, brings this cause of action on behalf of the Estate of Mario P. Terruso, Jr., deceased, and by virtue of and pursuant to the Survival Act and the applicable Rules of Civil Procedure and decisional law.

195. By reason of the carelessness, negligence, gross negligence, recklessness, deliberate indifference, intentional conduct, and other liability-producing conduct of Defendants, by and through their agents, servants, workmen, contractors and/or employees as aforesaid,

Plaintiff's decedent, Mario P. Terruso, Jr., was caused to sustain devastating, catastrophic and fatal injuries on September 15, 2019, when he was fatally injured as a result of the assault, battery and vicious attack at the Atlantic County Justice Facility

196.   As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness, deliberate indifference, intentional conduct, and other liability-producing conduct of Defendants, as set forth herein, Plaintiff's decedent was caused grave injuries, a period of prolonged conscious pain and suffering, and death resulting in the entitlement to damages by his Estate and the beneficiaries under the Survival Act

197.   Plaintiff's decedent, Mario P. Terruso, Jr., was caused to suffer devastating physical and conscious pain and suffering and traumatic, intangible losses; he suffered anxiety, mental anguish and fear of impending death; he sustained a loss of future earnings and a loss of earning capacity; he suffered disability and impairment, he sustained a permanent loss of enjoyment of life and loss of life's pleasures; as a result of his premature death he was and will be forever prevented from performing all his usual duties, occupations and avocations, all to his great loss and detriment by reason of the intentional harm, negligence, carelessness, recklessness, deliberate indifference and/or gross negligence of the Defendants.

198.   Plaintiff claims on behalf of the Estate of Mario P. Terruso, Jr., deceased, all damages recoverable pursuant to applicable law, including and by virtue of the New Jersey Survival Act, N.J. Stat. Ann. § 2A: 15-3, *et. Seq.*

**WHEREFORE**, Plaintiff, Nico A. Terruso-Crespo, as the Administrator of the Estate of Mario P. Terruso, Jr., deceased, demands judgment against all Defendants, jointly and severally, for:

a.   General damages;

b.   Compensatory;

c.   Punitive damages;

d.   Cost and interest;

e.   Attorneys' fees

f.   Pre-judgment and post-judgment interest against all Defendants;

g.   Any other relief the Court deems just and equitable.

## CERTIFICATION PURSUANT TO R. 4:5-1

Plaintiff hereby certifies the matter in controversy is the not the subject of any pending litigation to the best knowledge of the undersigned.

## CERTIFICATION OF COMPLIANCE WITH 1:38-7(c)

I, Robert J. Mongeluzzi, Esquire, certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future.

## NOTICE PURSUANT TO RULE 1:7 1 (b)

PLEASE TAKE NOTICE that to the extent applicable, Plaintiff may, at the time of closing argument, suggest to the trier of fact with respect to any element of damages, that unliquidated damages be calculated on a time unit basis, without reference to a specific sum.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Robert J. Mongeluzzi, Esquire is hereby designated as trial counsel for the Plaintiff in the above matter.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

**SALTZ MONGELUZZI BENDESKY P.C.**

By:  */s/*        RJM9362
ROBERT J. MONGELUZZI
ANDREW R. DUFFY
MICHAEL A. BUDNER
*Attorneys for Plaintiffs*

Date:          7/5/23

42