# H|M|L

## HOLTZMAN MCCLAIN & LONDAR, PC

Stephen D. Holtzman
Admitted in NJ and PA

Jeffrey S. McClain
Admitted in NJ

Lilia Londar
Admitted in NJ and PA

www.hmlnjlaw.com

sholtzman@hmlnjlaw.com
jmcclain@hmlnjlaw.com
llondar@hmlnjlaw.com

524 Maple Avenue
Suite 200
Linwood, NJ 08221

Tel: (609) 601-0900
Fax: (609) 601-0990

July 21, 2023

Via Electronic Case Filing

Hon. Sharon A. King, USMJ
United States District Court for the
　District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

RE: **Estate of Mario Terruso v Atlantic County et al**
Docket No: 1:21-cv-15288 (NLH) (SAK)
HM&L File No: H8653
Letter Application to Stay Pending Resolution of Criminal Matter [87]

Dear Judge King:

　　This firm represents Defendants CFG Health Systems, LLC ("CFGHS"), Dawn Gilbert, RN, Deling Sandoval, RN and Carol Calcerano, NP (collectively the "CFGHS Defendants") with respect to the above referenced matter. The CFGHS Defendants make application to stay this matter pending resolution of the parallel criminal proceedings related to the death of Mario Terruso, Jr. ("Terruso").

　　As background, CFGHS is and was at all times relevant the provider of certain medical and mental health care services at the Atlantic County Justice Facility ("ACJF"). Defendants Gilbert, Sandoval and Calcerano were health care providers on duty at all times relevant.[1] Due to their varying degrees of interaction with Terruso and proximity to the events in question, it is a reasonable assumption that any statements, reports and/or investigations may include information regarding the CFGHS Defendants and/or their roles during the relevant period of time, including video and/or audio recording, which may exist.

　　Since the start of this litigation, the investigation of the Office of the Attorney General (OAG) has progressed to Grand Jury presentation and, now, indictment and criminal prosecution of multiple individuals. These individuals include police involved in the arrest, transportation and presentation of Mr. Terruso to the Atlantic County Justice Facility (ACJF) and custody personnel involved in the custody and control of Mr. Terruso in the ACJF. The CFGHS Defendants are, literally, in the middle in this matter. Based upon the little information available at this time, there appear to be allegations that actions taken beforehand in dealing with Mr. Terruso and a failure to provide information to the custody and medical providers at ACJF may have been criminal, and that the actions of custody personnel in dealing with Mr. Terruso may have been criminal. These issues will be addressed in the criminal prosecutions currently pending.

---

[1] Defendant Nicole Mauroff, a CFGHS employee, was dismissed without prejudice by voluntary stipulation following the filing of the initial complaint on October 9, 2021 [37]. A similar stipulation is currently being circulated and is expected to be filed in the near future. If for any reason a stipulation is not filed, Defendant Mauroff joins in this letter application.

On September 27, 2021, an application to stay pending completion of parallel criminal proceedings was filed by the Atlantic County defendants [33]. Plaintiff opposed [38]. The CFGHS defendants supported the application. On January 28, 2022, Your Honor issued an Opinion [48] and Order [49] on the application. The Court conducted a thorough analysis as required by *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526-27 (D.N.J. 1998). The Court determined that each and every one of the *Walsh Sec., Inc.* factors weighed in favor of a stay of this civil matter pending resolution of the parallel criminal matter.

The Court held in pertinent part:

> **1. The extent to which the issues in the criminal and civil cases overlap.**
>
> The similarity of issues in the civil and criminal matter is viewed as "the most important issue at the threshold." *Walsh Sec., Inc.*, 7 F. Supp. 2d at 527. … .
>
> …
>
> The Court agrees with County Defendants and CFG Defendants and finds that there are significant similarities and overlap between the civil and criminal matters. It is undisputed that the cause of action in both matters stems from Terruso's in-custody death. Statements, reports, and testimony forming the basis of the criminal investigation will also be at the heart of the civil litigation. Moreover, as the CFG Defendants indicate, evidence relevant to this litigation is in the sole possession of the NJAG. … This factor weighs substantially in favor of staying this proceeding.
>
> **2. The status of the case, including whether the defendants have been indicted.**
>
> The strongest case for a stay of discovery in the civil case occurs after an indictment is returned and the potential for self-incrimination is greatest. *Walsh Sec., Inc.*, 7 F. Supp. at 527. … .
>
> … There is no dispute that the NJAG is investigating the circumstances surrounding Terruso's death. Although the case has not yet been presented to a grand jury, County Defendants indicate that they are targets of the investigation. This factor weighs in favor of staying this litigation.
>
> **3. Plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay.**
>
> Plaintiff argues that he will be substantially prejudiced by a delay in litigation as "memories fade and evidence . . . erodes." ... Plaintiff states the NJAG has not released information to the public regarding the "how and why Mr. Terruso died" and that Plaintiff is "entitled to find out what happened to [Terruso] and why." *Id*. County Defendants reject this argument, stating that all evidence regarding Terruso's death have been preserved by the NJAG. … They further state that if discovery were to proceed, they will likely exercise their Fifth Amendment rights. … .
>
> The Court is not persuaded that Plaintiff will be prejudiced if this action is stayed. "The mere fact that additional time will pass . . . does not alone establish prejudice." *Tucker v. New York Police Dep't*, No. 08-2156, 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010). To show prejudice, Plaintiff "should demonstrate a unique injury, such as . . . an attempt to gain an unfair advantage from the stay." *Id*. Here, Plaintiff has not shown a unique

injury, nor has Plaintiff shown that Defendants would obtain an unfair advantage from the stay. As County Defendants note, the risk of evidence eroding overtime is mitigated by the preservation of evidence incident to the NJAG's investigation. The Court agrees that Plaintiff is entitled to answers about Terruso's death. However, denying the request for a stay is unlikely to provide Plaintiff with the immediate answers he seeks. County Defendants have expressed their inclination to assert their Fifth Amendment rights during the pendency of the criminal investigation. This factor weighs in favor of staying this litigation.

**4. The private interests of and burden on defendants.**

CFG Defendants argue that it would be an unfair burden on Defendants to require discovery to proceed prior to the NJAG completing its investigation, because certain materials were shared only with Plaintiff pursuant a non-disclosure agreement. … County Defendants argue that denying a stay will create a devastating burden on them because they will be forced to choose "between asserting or waiving their Fifth Amendment rights against self-incrimination." ... Plaintiff counters that Defendants appearing at a deposition for the purpose of invoking their Fifth Amendment rights is "not such a substantial hindrance" to warrant a stay of discovery. … .

Although Plaintiff has received some information from the NJAG, the non-disclosure agreement incident to the ongoing investigation, prevents Plaintiff from sharing this information with the defendants. If litigation were to proceed, this undoubtedly disadvantages the defendants. The Court also finds that all parties would be burdened if this matter were not stayed. None of the parties are armed with the totality of the documents and evidence seized by the NJAG during its investigation. Engaging in discovery without his information may be premature and may result in significant discovery extensions once the NJAG's documents are received. This factor weighs in favor of staying discovery.

**5. The Court's interests.**

The Court "has an interest in resolving individual cases efficiently" and in effectively managing its caseload. *Sperry v. Bridges*, No. CV 189996, 2021 WL 5413984, at *5 (D.N.J. Nov. 18, 2021) quoting *Walsh Sec., Inc.*, 7 F. Supp. 2d at 528. Plaintiff argues that if this matter were stayed, it will create an unnecessary backlog and unnecessary expenses for the Court and parties. ... In contrast, County Defendants argue that denial of a stay will be inefficient and burdensome to the Court. They argue that the Court will be faced with privilege and Fifth Amendment issues raised by Defendants and possibly third-party witnesses. ... These issues, they argue, would not exist if a stay were granted pending the resolution of the criminal matter. ... .

The Court finds that its interests in efficiently and effectively managing its caseload favors granting a stay. Since the criminal case stems from the same set of facts as the civil action, allowing the criminal matter to resolve would streamline the civil proceedings. *See Strategic Env't Partners, LLC v. State of New Jersey Dep't of Env't Prot.*, No. 12-3252, 2016 WL 3267285, at *5 (D.N.J. June 8, 2016) (stating [i]n many cases granting a

> stay to allow the criminal matter to proceed first streamlines the proceedings and helps expeditiously resolve the civil matter).
>
> **6. The public interest.**
>
> County Defendants argue that the public interest would best be served by staying this litigation to allow the NJAG to conduct a complete and unimpeded investigation into potential criminal activity. ... The Court finds that allowing the NJAG to complete its investigation and present the matter to a grand jury will serve the public's interest. Public interest concerns raised by Plaintiff can also be ultimately addressed once litigation resumes. This factor weighs in favor of staying discovery.

[48].

      The Court previously determined that each and every one of the *Walsh Sec., Inc.* factors weighed in favor of a stay of this civil matter pending resolution of the parallel criminal matter.  The only thing that has changed since that date, is the presentation to the Grand Jury and handing up of indictments against several individual defendants in this matter. The argument in favor of a stay of the civil matter has only grown stronger.

      For the foregoing reasons, the CFGHS defendants respectfully request that this matter be stayed and/or administratively terminated pending resolution of the parallel criminal matter.

Respectfully submitted,

*/s/ Jeffrey S. McClain* (JSM 0966)

Jeffrey S. McClain, Esquire

cc.    All counsel of record (via ECF)