**BLUMBERG & WOLK, LLC**
158 Delaware Street
P. O. Box 68
Woodbury, New Jersey 08096
(856) 848-7472
Attorneys for Defendant, Mark Jenigen.
(CMW ID# 012832007)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NICO A. TERRUSO-CRESPO, as the Administrator *Ad Prosequendum* and Administrator of the ESTATE OF MARIO P. TERRUSO, JR., deceased<br>4500 West Brigantine Avenue, Unit 1315<br>Brigantine City, NJ 08203<br><br>Plaintiff,<br><br>Vs.<br><br>ATLANTIC COUNTY JUSTICE FACILITY a/k/a ATLANTIC COUNTY JAIL a/k/a ATLANTIC COUNTY DETENTION CENTER<br>5060 Atlantic Avenue<br>Mays Landing, NJ 08330<br><br>And<br><br>COUNTY OF ATLANTIC a/k/a ATLANTIC COUNTY<br>City Hall<br>1301 Bacharach Bld., Room 311<br>Atlantic City, NJ 08401<br><br>And<br><br>CITY OF ATLANTIC a/k/a ATLANTIC CITY<br>City Hall<br>1301 Bacharach Bld., Room 311<br>Atlantic City, NJ 08401<br><br>And<br><br>ATLANTIC COUNTY, DEPARTMENT OF PUBLIC SAFETY, DIVISION OF ADULT DETENTION | DOCKET NO. 1:21-cv-15288-CPO-SAK<br><br>CIVIL ACTION<br><br>**ANSWER TO SECOND AMENDED COMPLAINT, DEMAND FOR STATEMENT OF DAMAGES, JURY DEMAND, DESIGNATION OF TRIAL ATTORNEY, CROSSCLAIM, AND SEPARATE DEFENSES ON BEHALF OF DEFENDANT, MARK JENIGEN** |

5033 English Creek Avenue
Egg Harbor Township, NJ 08234

And

TOWNSHIP OF HAMILTON POLICE
DEPARTMENT
6101 13th Street
Mays Landing, NJ 08330

And

HAMILTON TOWNSHIP
6101 13th Street
Mays Landing, NJ 08330

And

CFG HEALTH SYSTEMS, LLC
765 East Route 70
Building A-101
Marlton, NJ 08053

And

KAROLYNE ANCHETA
5060 Atlantic Avenue
Mays Landing, NJ 08330

And

MARK JENIGEN
5060 Atlantic Avenue
Mays Landing, NJ 08330

And

SGT. ERIC TORNBLOM
5060 Atlantic Avenue
Mays Landing, NJ 08330

And

JUSTIN T. MARCO
5060 Atlantic Avenue
Mays Landing, NJ 08330

And

SGT. MICHAEL MORRISSEY
5060 Atlantic Avenue

Mays Landing, NJ 08330

And

LT. JESSE SWARTZENTRUVER
5060 Atlantic Avenue
Mays Landing, NJ 08330

And

SGT. NICOLE NELSON
6101 13th Street
Mays Landing, NJ 08330

And

CORY SILVIO
6101 13th Street
Mays Landing, NJ 08330

And

WILLIAM HOWZE
6101 13th Street
Mays Landing, NJ 08330

And

SERVANDO PAHANG
6101 13th Street
Mays Landing, NJ 08330

And

SGT. MICHAEL SCHNURR
6101 13th Street
Mays Landing, NJ 08330

And

DAWN GILBERT, RN
765 East Route 70
Building A-101
Marlton, NJ 08053

And

DELING SANDOVAL, RN
765 East Route 70
Building A-101
Marlton, NJ 08053

And
CAROL CALCERANO, NP
765 East Route 70
Building A-101
Marlton, NJ 08053

And

NICOLE MAUROFF, RN
765 East Route 70
Building A-101
Marlton, NJ 08053

And

JOHN DOES 2-10

And

JOHN DOES 12-20

And

JOHN DOES 21-30

And

JANE DOES 1-10

And

JANE DOES 11-20

And

JANE DOES 21-30

And

ABC CORPORATIONS 1-10

Defendants.

The answering Defendant, Mark Jenigen, Answer the plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

1.     No allegations can be found in this paragraph and therefore the answering defendant does not answer. To the extent there are allegations contained in this paragraph they are denied.

## JURISDICTION AND VENUE

2.     Neither admitted nor denied, Plaintiff is left to his proof.

3.     Neither admitted nor denied, Plaintiff is left to his proof.

4.     Neither admitted nor denied, Plaintiff is left to his proof.

## THE PARTIES

Paragraphs 5 through 41 - Neither admitted nor denied, Plaintiff is left to his proof.

## FACTUAL ALLEGATIONS

Paragraphs 40[sic] through 49 - Neither admitted nor denied, Plaintiff is left to his proof.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Neither admitted nor denied, Plaintiff is left to his proof.

62.     Denied.

63.   Neither admitted nor denied, Plaintiff is left to his proof.

64.   Denied.

65.   Denied.

66.   Denied.

67.   Denied.

68.   Denied.

69.   Neither admitted nor denied, Plaintiff is left to his proof.

70.   Denied.

71.   Denied.

72.   Denied.

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

## FIRST COUNT PATTERN AND PRACTICE ALLEGATIONS
### (Municipal and Government Liability)

Paragraphs 86 through 99 - The allegations in these paragraphs are not directed to the answering defendant and therefore no answer is provided. However, should these paragraphs be interpreted to contain allegations against the answering defendant they are denied.

100.   Neither admitted nor denied, Plaintiff is left to his proof.

101.   Neither admitted nor denied, Plaintiff is left to his proof.

102.   Denied.

103.   Denied.

## SECOND COUNT
### 42 U.S.C. §1983 Unreasonable and Excessive Force

104.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

## THIRD COUNT
### 42 U.S.C. §1983 Deliberate Indifference to Medical Needs

109.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

110.   Denied.

111.   Denied.

112.   Denied.

## FOURTH COUNT
### 42 U.S.C. §1983 Conspiracy

113.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

114.   Denied.

115.   Denied.

116.   Denied.

## FIFTH COUNT
### 42 U.S.C. §1983 Supervisor Liability

117.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

124.   Answering defendant does not answer the allegations of this paragraph as the allegations thereof are not directed to him.

125.   Answering defendant does not answer the allegations of this paragraph as the allegations thereof are not directed to him.

## SIXTH COUNT
### Common Law Assault and Battery

126.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

127.   Denied.

128.   Answering defendant does not answer the allegations of this paragraph as the allegations thereof are not directed to him.

129.   Denied.

### SEVENTH COUNT
**Common Law Negligence – Provision of Medical Care**

130.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

131.   Denied.

132.   Answering defendant does not answer the allegations of this paragraph as the allegations thereof are not directed to him.

133.   Denied.

### EIGHTH COUNT
**Negligent Hiring**

134.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

Paragraphs 135 through 141 - Answering defendant does not answer the allegations of these paragraphs as the allegations thereof are not directed to him.

### NINTH COUNT
**(Negligent Training and Supervision)**

142.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

Paragraphs 143 through 147 - Answering defendant does not answer the allegations of these paragraphs as the allegations thereof are not directed to him.

**TENTH COUNT**
**Negligent Retention**

148.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

Paragraphs 149 through 156 - Answering defendant does not answer the allegations of these paragraphs as the allegations thereof are not directed to him.

**ELEVENTH COUNT**
**Violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-1-2**

157.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

158.   Denied.

159.   Denied.

160.   Answering defendant does not answer the allegations of this paragraph as the allegations thereof are not directed to him.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

**TWELFTH COUNT**
**Negligent and Intentional Infliction of Emotional Distress**

166.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

167.   Denied.

168.   Denied.

## THIRTEENTH COUNT
### Spoilation/Fraudulent Concealment

169.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

170.   Answering defendant does not answer the allegations of this paragraph as the allegations thereof are not directed to him.

171.   Answering defendant does not answer the allegations of this paragraph as the allegations thereof are not directed to him.

172.   Answering defendant does not answer the allegations of this paragraph as the allegations thereof are not directed to him.

173.   Denied.

## FOURTEENTH COUNT
### Professional/Medical Negligence

174.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

Paragraphs 175 through 181 - Answering defendant does not answer the allegations of these paragraphs as the allegations thereof are not directed to him.

## FIFTEENTH COUNT
### Wrongful Death

182.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

183.   Neither admitted nor denied, Plaintiff is left to his proof.

184.   Denied.

185.   Denied.

186.   Denied.

187.   Denied.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

## SIXTEENTH COUNT
### Survival Act

193.   The answers to the allegations contained in the foregoing paragraphs are hereby repeated and made a part hereof in lieu of repetition.

194.   Neither admitted nor denied, Plaintiff is left to his proof.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.


## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSES

Plaintiff fails to state a claim for which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has not been deprived of any rights guaranteed him under the Constitution and laws of the United States or New Jersey by the alleged acts or omissions by the answering Defendants.

### THIRD SEPARATE DEFENSE

No conduct on the part of the answering Defendant was the proximate cause of any injury or damage that the plaintiff allegedly suffered.

### FOURTH SEPARATE DEFENSE

Plaintiff's Complaint must be dismissed because at all times relevant to the allegations contained therein, the answering Defendant acted properly and within the scope of their duties and responsibilities.

### FIFTH SEPARATE DEFENSE

Answering Defendant is entitled to qualified immunity from damages.

### SIXTH SEPARATE DEFENSE

Answering Defendant did not know, and could not have been reasonably expected to know, that any action taken by Defendant with respect to plaintiff was in violation of plaintiff's constitutional rights, and accordingly, Defendant is immune from liability.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred under applicable statutes of limitation periods established by law.

### EIGHTH SEPARATE DEFENSE

All plaintiff's state law claims are barred by their failure to comply with the notice provisions of the Tort Claims Act, N.J.S.A. 59:8-8.

### NINTH SEPARATE DEFENSE

Answering Defendant pleads the immunities provided by N.J.S.A. 59:2-1, all other applicable Tort Claims Act immunities, including but not limited to sections 2-2,3,6,7,10; sections 3-1,2,7; 4-1,2,3,4,5,6,7,8,9; 5-1,2,4,5,6; 6-1,2,3,4,5,6,7 8-3,4,5,6,7,8,10; 9-3, 9-4 and 9-6.

## TENTH SEPARATE DEFENSE

The action is subject to the limitations set forth N.J.S.A. 59:9-2(c) and (d), and N.J.S.A. 10:6-1, et seq., including but not limited to the limitations on awards for pain and suffering and punitive damages.

## ELEVENTH SEPARATE DEFENSE

Plaintiff was contributorily negligent and that negligence was the proximate cause of any injuries sustained and the answering Defendant is entitled to a reduction of any award of damages pursuant to the provisions of N.J.S.A. 59:9-4 and other applicable provisions of the Tort Claims Act, N.J.S.A. 59:1-1, et seq.

## TWELFTH SEPARATE DEFENSE

Answering Defendant pleads the immunity provided by N.J.S.A. 59:3-3 and N.J.S.A. 10:6-1, et seq. for actions taken in good faith in the enforcement of the law.

## THIRTEENTH SEPARATE DEFENSE

Answering Defendant pleads the immunity provided by N.J.S.A. 59:3-3 and N.J.S.A. 10:6-1, et seq. for actions taken in good faith in the enforcement of the law.

## FOURTEENTH SEPARATE DEFENSE

Answering Defendant, as public employees, are immune from liability because the claim arises out the exercise of judgment or discretion vested in them pursuant to N.J.S.A. 2A:59:3-2(a).

## FIFTEENTH SEPARATE DEFENSE

Answering Defendant, as police officers enforcing the law, are immune from liability to N.J.S.A. 59:9-2(d).

## SIXTEENTH SEPARATE DEFENSE

Answering Defendant plead all those defenses that would be permissible to Defendants in accordance with common law.

## SEVENTEENTH SEPARATE DEFENSE

Answering Defendant pleads all those statutory defense permissible in accordance with the New Jersey Criminal Code.

## EIGHTEENTH SEPARATE DEFENSE

The Complaint is barred by the doctrine of comparative negligence in that the negligence of the plaintiff was greater than the negligence of the Defendants or greater than the combined negligence of the persons against whom recovery is sought, pursuant to N.J.S.A. 59:9-4 and N.J.S.A. 2A:15-5.3.

## NINETEENTH SEPARATE DEFENSE

Answering Defendant denies that any of their actions were willful, wanton, malicious, or reckless.

## TWENTIETH SEPARATE DEFENSE

Plaintiff was cognizant and aware of all acts, circumstances and conditions existing, and consented to, permitted, acquiesced and/or voluntarily assumed the risks arising there from and attendant thereto.

## TWENTY-FIRST SEPARATE DEFENSE

At all relevant times, the answering Defendant conducted themselves in full compliance with all applicable federal, state and local laws, statutes, ordinances and regulations, which compliance bars plaintiffs from asserting the claims herein.

## TWENTY-SECOND SEPARATE DEFENSE

At the time and place alleged in the Complaint, the answering Defendant violated no legal duty and there owing to the plaintiff.

## TWENTY-THIRD SEPARATE DEFENSE

The claims of the plaintiff lacks merit and is frivolous in nature. Answering Defendant hereby reserves the right to institute a subsequent claim for abuse of process

and of the institution of frivolous lawsuit, subject to the dismissal of the instant claim of the plaintiff.

### TWENTY-FOURTH SEPARATE DEFENSE

In the event the answering Defendant is determined to be joint tortfeasors, the Defendant's duty to contribute is subject to the limitations set forth in New Jersey Tort Claims Act, N.J.S.A. 59:9-2 and 59:9-3, and only to the extent authorized by N.J.S.A. 59:9-2, 59:9-4, 59:9-3 and 59:9-3.1.

### TWENTY-FIFTH SEPARATE DEFENSE

The arrests by the Defendant was a just one, and probable cause existed to initiate the arrests.

### TWENTY-SIXTH SEPARATE DEFENSE

Answering Defendant assert that plaintiff's alleged injuries, damages or losses are the result of independent intervening persons and/or agencies or instrumentalities over which the Defendant had no control and/or duty to control.

### TWENTY-SEVENTH SEPARATE DEFENSE

Answering Defendant acted upon reasonable grounds and without malice and is therefore not answerable to the plaintiff for damages or losses.

### TWENTY-EIGHTH SEPARATE DEFENSE

Answering Defendant acted under reasonable and probably cause under the then-existing circumstances.

### TWENTY-NINTH SEPARATE DEFENSE

Answering Defendant performed each and every duty owed to plaintiff. If the Defendant are found to have breached any obligation or duty owed to plaintiff, which breach is specifically denied, such breach was not the proximate cause of any injury or loss which plaintiff may have sustained.

### THIRTIETH SEPARATE DEFENSE

Plaintiff's contributory negligence was the sole and/or proximate cause of any alleged injuries suffered by the plaintiffs.

### THIRTY-FIRST SEPARATE DEFENSE

Answering Defendant acted reasonably and in good faith based upon the information available to them at the time of the incident.

### THIRTY-SECOND SEPARATE DEFENSE

Plaintiff is barred by the doctrine of equitable/legal estoppel.

### THIRTY-THIRD SEPARATE DEFENSE

Plaintiff's Complaint is barred by the doctrine of unclean hands.

### THIRTY-FOURTH SEPARATE DEFENSE

The incident described in the Complaint was caused or partly by the negligence or intentional acts of the plaintiff, and plaintiff is barred from recovery, or their recovery is reduced thereby.

### THIRTY-FIFTH SEPARATE DEFENSE

Any action taken on part of the answering Defendant was in the nature of a discretionary activity within the meaning of N.J.S.A. 59:3-2 and N.J.S.A. 10:6-1, et seq. and, 42 U.S.C.A. 1983 and, accordingly, no liability may be imposed upon the answering Defendants.

### THIRTY-SIXTH SEPARATE DEFENSE

Plaintiff's Complaint is barred in whole or in part due to the absolute and/or qualified immunity afforded to the answering Defendant.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

These Defendant reserves the right to assert the affirmative defense of fraud.

## SECOND AFFIRMATIVE DEFENSE

These Defendant reserves the right to assert the affirmative defense of illegality.

## THIRD AFFIRMATIVE DEFENSE

Any claim of plaintiff is the direct result of actions of other unnamed Defendants whom this Defendants has no control.

## FOURTH AFFIRMATIVE DEFENSE

These Defendant reserves the right to apply to this Court for the imposition of sanctions against the plaintiff and counsel, pursuant to Rule 1:4-8, and make an application for counsel fees and costs of suit, pursuant to Section 1988 of Title 42 of the United States Code annotated on the basis that the within cause of action is without merit, is frivolous and has been instituted by the plaintiff in bad faith and with the intent to harass the Defendant and to cause him in incur great expenses in defense of same, all to these Defendants' damage.

**(Claim for Contribution or Settlement Credit)**

While denying any liability to plaintiff on the Complaint, and based upon information and belief, asserting that there is no basis for liability as to the other Defendants(s), the answering Defendants(s) nevertheless asserts a claim for contribution from co-Defendants(s) pursuant to N.J.S.A. 2A:15-5.3 and N.J.S.A. 2A:53-A; and in the alternative contends that in the event that proofs develop in discovery or at trial to establish a basis for liability on the part of any other Defendants(s) and such Defendants(s) enter into a settlement agreement with plaintiff(s), in whole or in part, then the answering Defendants(s) asserts a claim for a credit reducing the amount of any judgment in favor of plaintiff(s) against the answering Defendants(s) to reflect the degree of fault allocated to the settling Defendants(s) pursuant to **Young v. Latta**, 123 N.J. 584 (1991).

## ANSWER TO ALL CROSSCLAIMS

The Defendant, by way of answer to any and all Crossclaims heretofore and hereafter asserted against it, respectfully states that it denies each and every allegation contained in such Crossclaim.

**WHEREFORE,** the Defendant demands judgment dismissing any and all Crossclaims, plus costs either heretofore or hereafter asserted against.

## RESERVATIONS OF DEFENSES AND OBJECTIONS

The answering Defendant reserves the right to assert and raise any additional objections and affirmative defenses which become known during the course of discovery.

## DEMAND FOR STATEMENT OF DAMAGES

**TAKE NOTICE** that the Defendant herein hereby demands the plaintiff, through his attorney(s), to serve a Statement of Damages claimed within five(5) days of the date of service hereof.

## JURY DEMAND

The Defendant herein demands trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Christopher M. Wolk, Esquire, attorney for Mark Jenigen, is hereby designated as trial counsel in the within action.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I, Christopher M. Wolk, Esquire, hereby certify as follows:

1. To the best of my knowledge, this matter believed to be the subject of an action currently pending in Ocean County New Jersey Case No 23-1314

2. To the best of my knowledge, there are no other parties who should be joined in this litigation at this time.

3.  I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**BLUMBERG & WOLK, LLC**
Attorneys for Defendants(s),
Mark Jenigen

By: _____
Christopher M. Wolk, Esq.

Dated:

I do hereby certify that a copy of the within pleading was served pursuant to R.1:5-3, via the Court's electronic filing system.  Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's System, and notice of these fillings will be sent to these parties by operation of the Court's electronic filing system:

**BLUMBERG & WOLK, LLC**
Attorneys for Defendants(s),
Mark Jenigen

By: _____
Christopher M. Wolk, Esq.